UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY EDISON, | ) | 1:08-cv-01919-TAG HC |
| Petitioner, | ) ) | ORDER REQUIRING RESPONDENT TO FILE A RESPONSE |
| v. | ) ) | ORDER DIRECTING CLERK OF COURT TO |
| NEIL H. ADLER, Warden, | ) | SERVE DOCUMENTS |
| Respondent. | ) ) | ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On December 15, 2008, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that, as an inmate at Taft Correctional Facility, Taft, California, he is serving a 198- month sentence with a projected release date of January 6, 2018. (Doc. 1, p. 2). Petitioner alleges that the Bureau of Prisons ("BOP") has refused to follow 18 U.S.C. § 3621(b), to determine if he is eligible for six months of pre-release placement at a Residential Re-entry Center ("RRC").[1] (Doc. 1, p. 2). Petitioner alleges that the BOP's failure to provide such an assessment is in violation of federal law, i.e., § 3621(b). (Id.). Petitioner seeks an order from this Court requiring BOP "immediately in good faith" to conduct an assessment of Petitioner following the criteria in

---

[1] The petition refers to "Community Corrections Centers," the prior designation for RRC's.

1

§ 3621(b) and without any reference to the BOP policy promulgated in December 2002 or to 28 C.F.R. §§ 570.20 and 570.21. (Id. at p. 3).

**DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at 185-186 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Hutchings, 835 F.2d at 187; Brown, 610 F.2d at 677.

In this case, Petitioner is alleging that the BOP has failed to properly apply 18 U.S.C. § 3621(b), thereby preventing him from being placed in a RRC facility. Petitioner is thus challenging the execution of his sentence rather than the imposition of that sentence. Therefore, his

petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is currently incarcerated at Taft Correctional Facility, Taft, California, and that facility is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

The Court notes that the issue of the validity of the BOP's 2002 and 2005 regulations regarding RRC placement has previously been resolved in favor of a federal petitioner and against Respondents. See e.g., Horn v. Ellis, 2006 WL 1071959 (E.D. Cal. April 21, 2006). Because Petitioner may be entitled to the requested relief if the claimed violations of rights are proved, Respondent will be ordered to file a response within sixty days of the date of service of this order. See 28 U.S.C. § 2243; cf. Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the petition.

**ORDER**

Accordingly, the Court ORDERS that:

1. Respondent SHALL file a response to the petition within sixty (60) days of the date of service of this order and shall include with that response any and all documents relevant to the determination of the issues presented in the petition;

2. Petitioner's traverse, if any, is due on or before thirty (30) days from the date said response is filed; and

3. The Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's petition, along with all exhibits, on the United States Attorney for the Eastern District of California or his representative, an agent for the Taft Correctional Facility, Taft, California, and the United States Bureau of Prisons.

IT IS SO ORDERED.

Dated:  **March 27, 2009**                                    /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE