UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY EDISON, | ) | 1:08-cv-01919-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | TO ISSUE SCHEDULING ORDER AND TO |
| v. | ) | EXPEDITE PROCEEDINGS (Doc. 4) |
| | ) | |
| NEIL H. ADLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On December 15, 2008, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that, as an inmate at Taft Correctional Facility, Taft, California, he is serving a 198 month sentence with a projected release date of January 6, 2018. (Doc. 1, p. 2). Petitioner alleges that the Bureau of Prisons ("BOP") has refused to follow 18 U.S.C. § 3621(b), to determine if he is eligible for six months of pre-release placement at a Residential Re-entry Center ("RRC").[1] (Doc. 1,

---

[1] The petition refers to "Community Corrections Centers," the prior designation for RRC's.

1  p. 2). Petitioner alleges that the BOP's failure to provide such an assessment is in violation of federal
2  law, i.e., § 3621(b). (Id.). Petitioner seeks an order from this Court requiring BOP "immediately in
3  good faith" to conduct an assessment of Petitioner following the criteria in § 3621(b) and without
4  any reference to the BOP policy promulgated in December 2002 or to 28 C.F.R. §§ 570.20 and
5  570.21. (Id. at p. 3).

6       On January 28, 2009, Petitioner filed a motion for scheduling order and for expedited review,
7  requesting that the Court immediately issue a scheduling order and expedite the case because, should
8  Petitioner prevail, he would immediately be eligible for placement in an RRC, which is the
9  gravamen of the petition. (Doc. 4).

10  On March 30, 2009, the Court issued a scheduling order. (Doc. 5). On June 8, 2009,
11  Respondent filed a response addressing the merits of Petitioner's claims for relief and also
12  contending that the petition should be dismissed as moot and for lack of exhaustion. (Doc. 11). On
13  June 16, 2009, Petitioner filed a traverse. (Doc. 12).

14  Regarding that portion of Petitioner's motion requesting issuance of a scheduling order, said
15  scheduling order has already been issued. Thus, Petitioner's request is now moot.

16  Regarding that portion of Petitioner's motion seeking expedited review, the Court does not
17  have an expedited calendar. Petitioner is advised that the Court acts to resolve all pending cases in
18  the most efficient manner possible. The Court is aware of Petitioner's pending petition.
19  Nevertheless, the Court's docket of pending cases is substantial, and the Court must act first on those
20  matters that have been pending the longest. Petitioner's claim that expedited review is necessary
21  because, if he is correct, he is now eligible for the relief he seeks, is no different from the claim of
22  virtually all habeas petitioners, because in those cases as well, if the petitioners are correct in their
23  claims of constitutional violations, their entitlement to habeas relief is immediate.

24  Accordingly, Petitioner's motion for issuance of a scheduling order and to expedite the
25  pending petition for writ of habeas corpus (Doc. 4), is DENIED.

26     IT IS SO ORDERED.

27     Dated: **September 10, 2009**        **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE
28